**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BOND SAFEGUARD INSURANCE COMPANY AND LEXON INSURANCE COMPANY,**

        **Plaintiff,**

-vs-                                                      Case No. 6:11-cv-641-Orl-31DAB

**JAMES ROBERT WARD; STEVAN M. ROGERS; LARRY S. COURTNEY, JR.; MICHAEL FLASKEY; and ANDY RATHKE,**

        **Defendants.**

_____

## ORDER

This matter came before the Court without a hearing on the Motion to Dismiss Plaintiff's Second Cause of Action (Doc. 25) filed by Defendants Michael Flaskey ("Flaskey") and Stevan Rogers ("Rogers") and the Amended Motion to Dismiss Plaintiff's Second Cause of Action (Doc. 31) filed by Defendant James Robert Ward ("Ward"). In resolving the instant motions, the Court has also considered the response (Doc. 38) to these motions filed by Bond Safeguard Insurance Company ("Bond Safeguard") and Lexon Insurance Company ("Lexon") and the reply (Doc. 45) filed by Flaskey and Rogers.

According to the allegations set forth in the Complaint (Doc. 1), which are accepted as true for purposes of resolving these motions to dismiss, this case arises out of a Georgia real estate development known as "Bridge Point at Jekyll Sound" (henceforth, "Bridge Point"). The project was to be developed by Land Resource Companies, LLC ("Land Resource"). Lexon issued bonds

on the project.  Ward, the CEO and principal owner of Land Resource, entered into an agreement with Bond Safeguard in which he agreed to indemnify Lexon for the bonds it issued.  The project stalled in 2008, Land Resource and its affiliates have filed bankruptcy petitions, and Lexon now seeks to recover from Ward under the indemnification agreement.

In addition to the indemnification claim, the Complaint also includes a negligence claim.  In Count II, the Plaintiffs assert that Land Resource and its officers (including all of the Defendants), as part of the process of creating Bridge Point, (1) had a duty to arrange for the design and construction of infrastructure improvements, such as roads and sewer lines; (2) that they negligently failed to complete those improvements in a timely fashion; and (3) that this failure damaged the Plaintiffs by requiring them to make payments on the bonds.[1]

Flaskey, Rogers and Ward argue that the negligence claim should be dismissed in that it is barred by Georgia's two-year statute of limitations.  The Defendants assert that Florida, not Georgia, has the most significant relationship to the dispute and therefore Florida's four-year statute of limitations for negligence claims applies.  The parties disagree as to whether Florida or Georgia law applies to this claim, and the record is insufficient at this stage of the proceedings to permit the Court to perform a conflict of laws analysis.  Accordingly, it is hereby

**ORDERED** that the Motions to Dismiss (Doc. 25, Doc. 31) are **DENIED**, without

---

[1] The Plaintiffs also argue that the Defendants had a duty "to properly manage the financial obligations of Land Resource," which they failed to do, resulting in a default that required the payments on the bonds.

prejudice to the Defendants' rights to reassert their statute-of-limitations arguments in the context of a motion for summary judgment.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 6, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party