**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BOND SAFEGUARD INSURANCE**
**COMPANY AND LEXON INSURANCE**
**COMPANY,**

            **Plaintiff,**

-vs-                                      Case No. 6:11-cv-641-Orl-31DAB

**JAMES ROBERT WARD; STEVAN M.**
**ROGERS; LARRY S. COURTNEY, JR.;**
**MICHAEL FLASKEY; and ANDY**
**RATHKE,**

            **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 71) and the Amended Motion to Dismiss (Doc. 77) filed by Defendant Larry Courtney ("Courtney"), as well as the responses in opposition (Doc. 76, 83) filed by the Plaintiffs, Bond Safeguard Insurance Company and Lexon Insurance Company. Courtney, a resident of Georgia (Doc. 67 at 2), seeks dismissal of the claim against him on the grounds that the Court lacks personal jurisdiction over him. He also seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim.

**I.   Background**

According to the allegations of the Amended Complaint in this diversity action, the Defendants were officers, directors and/or employees of Land Resource, LLC ("Land Resource"), a real estate development company formerly known as Land Resource Companies, LLC. (Doc. 67 at 1-3). Land Resource has filed a petition for bankruptcy protection and is not a party to this case.

(Doc. 67 at 3). The Plaintiffs issued subdivision bonds on behalf of Land Resource, which they have subsequently been required to pay out on. (Doc. 67 at 3). In Count I, the Plaintiffs assert an indemnification claim against Defendant James Robert Ward. (Doc. 67 at 6). In Count II, the Plaintiffs allege that the Defendants were negligent in their performance of various tasks related to the operations of Land Resource, such as by failing "to arrange in a timely manner for the design and construction of infrastructure improvements including roads, sewer and water lines and electric utilities," leading to the Plaintiffs being forced to pay out on the subdivision bonds. (Doc. 67 at 8-9). The Plaintiffs assert, on information and belief, that the negligent acts and omissions at issue took place "in or about the first quarter of 2007 through the first quarter of 2009." (Doc. 67 at 12).

## II.     Legal Standard

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir.2005); *see also Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla.1989). The reach of the Florida long-arm statute is a question of Florida law. Federal courts are required to construe such law as would the Florida Supreme Court. Absent some indication that the Florida Supreme Court would hold otherwise, federal courts are bound to adhere to decisions of Florida's intermediate courts. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1271.

A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (per curiam). A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for directed verdict. *Cable/Home Communications Corp. v. Network Productions,* Inc., 902 F.2d 829, 855 (11th Cir. 1990) (citing, *inter alia*, *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). Where a defendant submits affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction. *Meier*, 288 F.3d at 1269. *See also Polski Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (where defendant sustains its burden, the plaintiff must "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint."). If any discrepancies in the evidence exist, all reasonable inferences must be drawn in favor of the plaintiff. *See Cable/Home Commc'n Corp.,* 902 F.2d at 855.

**III.   Analysis**

The Plaintiffs contend that this Court possesses personal jurisdiction over Courtney pursuant to Fla. Stat. § 48.193(2), which provides that

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

The only allegations in the Amended Complaint related to personal jurisdiction over Courtney mirror this subsection: The Plaintiffs assert that Courtney "engaged in substantial and

not isolated activity within Florida by his continuous and systematic general business contact with Florida." (Doc. 67 at 2). In his motions, Courtney did not assert that these allegations are insufficient to establish a *prima facie* case. Therefore the Court will assume for purposes of resolving the motions that the Plaintiffs have satisfied their initial burden.

Courtney provided an affidavit in which he states, in pertinent part, that he has never been an employee of Land Resource in Orlando, Florida, that he did not conduct business in Florida between the first quarter of 2007 and the first quarter of 2009, and that he has not worked for Land Resource Companies LLC since his termination of employment in September 2006.[1] (Doc. 77 at 4). None of this justifies dismissal in Courtney's favor, either on personal jurisdiction grounds or Rule 12(b)(6) grounds. For jurisdictional purposes, the question is whether Courtney engaged in "substantial and not isolated activity within this state," as alleged in the Amended Complaint. *See* Fla. Stat. § 48.193(2). Even if Courtney establishes that he did not work in Orlando, and that he did not conduct business in the state between 2007 and 2009, it would not take him outside of the boundaries of Section 48.193(2), as he may have engaged in substantial and not isolated activity at other times and places within Florida.

As for his testimony that he did not work for Land Resource Companies LLC during the relevant time frame, a Rule 12(b)(6) motion tests the legal sufficiency of the pleading, not the evidence supporting it. In resolving a Rule 12(b)(6) motion – unlike a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction – a Court is generally limited to consideration of the facts

---

[1] Courtney also states that he has been a Georgia resident since March 2005 and that he has never gone by "Larry S. Courtney Jr.", the name utilized in the caption of the Plaintiffs' pleadings. Neither of these assertions are relevant to the instant motions.

stated in the complaint, documents attached to it as exhibits, and documents incorporated into the complaint by reference. *See*, *e.g.*, *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). Courtney's affidavit does not fall into any of these categories, and therefore the Court cannot consider it for purposes of resolving a Rule 12(b)(6) motion.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 71) is **DENIED** and the Amended Motion to Dismiss (Doc. 77) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 4, 2012.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party