**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BOND SAFEGUARD INSURANCE COMPANY AND LEXON INSURANCE COMPANY,**

          **Plaintiff,**

-vs-                                        **Case No. 6:11-cv-641-Orl-31DAB**

**JAMES ROBERT WARD; STEVAN M. ROGERS; LARRY S. COURTNEY, JR.; MICHAEL FLASKEY; and ANDY RATHKE,**

          **Defendants.**

_____

# ORDER

This cause comes before the Court on a Motion to Dismiss Counterclaims (Doc. 93) filed by Plaintiffs/Counter Defendants Bond Safeguard Insurance Company ("Bond") and Lexon Insurance Company ("Lexon"); and a Response (Doc. 95) filed by Defendant/Counter Claimant Larry S. Courtney ("Courtney").[1]

**I. Standard**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

_____

[1] The factual background of this case was set out in the Court's previous Order (Doc. 84) and will not be repeated here.

The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

**II. Discussion**

Courtney asserts four causes of action in the Counterclaim (Doc. 90): "Wrongly Named As Defendant" (Count I); "Falsely Stated That Courtney is an Officer/Director" (Count II); "Lack of Jurisdiction" (Count III); and "Malicious Prosecution" (Count IV). (Doc. 90 at 16-19). These claims are all based on Courtney's repeated assertion that he is not a proper Defendant in this case. He claims (1) that he was not an employee of Land Resource, LLC during the time alleged in the

Complaint; (2) that he was not an officer or director of Land Resource, LLC during the time alleged in the Complaint; (3) that the Court has no jurisdiction over him as a Georgia resident that conducts no business in Florida; and (4) that in persisting with the lawsuit despite these allegations, Plaintiffs are causing him harm.

Each claim amounts to no more than an accusation that Plaintiffs 'should know better' and as such, are acting maliciously in their continued prosecution of this action. Notwithstanding that the Court has already addressed and rejected his jurisdictional claims, (Doc. 84), Courtney's repeated assertions that he is not subject to liability are properly cast as defenses, not counterclaims. Moreover, each claim is barred by Florida's litigation privilege because they are based solely on Plaintiffs' factual assertions in the Complaint. *See Huls v. Llabona*, 437 Fed. App'x 830, 833 (11th Cir. 2011) (citing *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)).

The closest Courtney comes to stating a cause of action is in Count IV for malicious prosecution. To prevail on a malicious prosecution action, a plaintiff must establish that: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994) (citing *Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217 (Fla. 1986) and *Adams v. Whitfield*, 290 So. 2d 49 (Fla.

1974)). "The failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution." *Id*. Among other defects, Courtney has not (and cannot) allege that a previous proceeding was terminated in his favor; the allegations are based solely on the instant suit.

Even under the broadest reading of Courtney's allegations, the Court is unable to divine any other cause of action. Accordingly, it is **ORDERED** that Plaintiffs/Counter Defendants' Motion (Doc. 93) is **GRANTED**, and Courtney's counterclaim is **DISMISSED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 19, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**